SWANSON, Respondent, vs. SWANSON, Appellant.

*April 15—May 4, 1915.*

*Divorce: Alimony and allowances: Discretion as to amount: Not to be charge upon personalty.*

1. The amount to be allowed in a divorce action as alimony and for the support of minor children rests largely in the sound discretion of the trial court.
2. Alimony or other allowances in a divorce action may, under sec. 2367, Stats., be imposed as a charge upon real estate of the party liable, but personal property cannot be subjected to such a charge.

APPEAL from a judgment of the circuit court for Douglas county: BYRON B. PARK, Judge. *Affirmed in part; reversed in part.*

This is an action by the plaintiff for a divorce from bed and board from the defendant upon the grounds of cruel and inhuman treatment.

It appears from the testimony that the plaintiff and defendant were married in 1902 at the city of Superior and that they have lived there continuously since that time. For a period of the past two years the defendant treated the plaintiff cruelly by constant use of indecent and abusive language to her, and he also neglected and finally abandoned her and the three minor children to live away from home with another woman. The plaintiff and defendant have three children; two boys of the respective ages of eleven and three years and one girl of the age of nine years, all of whom are in plaintiff's care and custody. Defendant is in the saloon business in the city of Superior.

The court found that defendant owned his homestead in the city of Superior, worth $3,000, with the furniture therein not valued; farm land worth $1,000; interest in a fishing lodge $75; saloon equipment and stock, exclusive of the business, is worth $1,250; an automobile worth $400; note of $50 and cash on hand $467, and has an income of $2,500 per year. Also that defendant owed current business bills amounting to $1,400.

The court upon the above finding of facts awarded plaintiff a divorce from bed and board and the custody, care, and education of the children; that she shall have the use of the homestead and furniture, and that defendant shall pay the taxes and make repairs on the homestead and keep it insured for $1,800, and that the plaintiff shall have the right to sublet any portion of the home. The court adjudged that the defendant shall pay plaintiff for her support and for the support, care, and maintenance of the children $100 per month,

and that the defendant is to pay the disbursements of the action and pay plaintiff's attorney $200. The judgment is made a lien upon the homestead property and farm land and on all other property of the defendant to secure the payment of the moneys required to be paid by him, and that the lien may be raised on any of said property by defendant giving bonds to be approved by the court. From such judgment this appeal is taken.

The cause was submitted for the appellant on the brief of *Grace, Hudnall & Fridley,* and for the respondent on that of *Victor Linley.*

SIEBECKER, J. 1. The question as to what, under the facts and circumstances shown and the actual value of defendant's estate, was a proper amount to be allowed as alimony to plaintiff and for the support and maintenance of the three infant children in her care and custody was one largely within the sound judgment and discretion of the trial court, to whom the parties submitted their domestic difficulties. We do not find that the allowances made by the court are excessive and unreasonable in the light of the facts found by the court.

2. The judgment provides that the judgment "shall be a lien upon the said homestead property . . . and all other of defendant's property to secure the payment of the moneys required to be paid by him, . . ." and that such lien may be removed in whole or in part by the giving of a bond approved by the court. This language is broad enough to impose the judgment as a charge upon defendant's personal property. The statute (sec. 2367, Stats. 1913) declares that by the judgment of alimony or other allowance in divorce actions, ". . . the court . . . may impose the same as a charge upon any specific real estate of the party liable. . . ." There is no authority given to subject a party's personal property to such a charge in divorce actions. The judg-

ment must therefore be modified in this respect.    The statute commits the enforcement of the payment of alimony very broadly to the discretion of the trial courts.    This court therefore remands this cause with directions to the trial court that the part of the judgment awarding alimony and imposing the judgment as a charge on defendant's real estate is affirmed, and that the part of the judgment which imposes it as a charge on defendant's personal property is reversed, neither party to recover costs in this court.    The defendant is to pay the clerk's fee.

*By the Court.*—It is so ordered.